# UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF NEW YORK

---------------------------------- X

| | | |
|---|---|---|
| JENNIFER DEMOYA, | : | [__ Civ. ____ (___)(___)]__ |
| Plaintiff, | : | |
| v. | : | |
| ERIC DEMOYA, FEDELINA MARTINEZ, ANDRES FERRER and MASSIEL MEDINA, | : | **SHAREHOLDER DERIVATIVE COMPLAINT** |
| Defendant(s), | : | |
| -and- | | JURY TRIAL DEMANDED |
| KIDZ ROC, INC. | : | |
| Nominal Defendant: | | |

---------------------------------- X

Plaintiff JENNIFER DEMOYA (Shareholder") ("Plaintiff")], by and through her undersigned counsel, submits this Shareholder Derivative Complaint (the "Complaint") derivatively on behalf of nominal defendant KIDS ROC, INC. (the "Company"), against Officer, Director and shareholder ERIC DEMOYA ("Officer Defendant"), FEDELINA MARTINEZ, ANDRES FERRER and MASSIEL MEDINA (collectively, the "Defendants")

. Plaintiff makes the following allegations based upon individual and personal knowledge and, as to all other matters, based upon information and belief. Plaintiffs' information and belief is based on the investigation conducted by Plaintiffs' counsel that included, among other things: (a)documents obtained from the Defendants; the Company and third parties, and information gleaned in interviews with individuals.

## NATURE OF THE ACTION

1. This is an action for breach of contract, breach of fiduciary duty, oppression, of a minority shareholder, fraudulent conveyance, conversion, waste of corporate assets, negligence regarding corporate opportunities, diversion of corporate opportunities and gross mismanagement.

2. As a result of Defendants' breach of contract, breaches of fiduciary duties, unjust enrichment, misconduct amounting to corporate waste and fraudulent conveyances Plaintiffs have suffered injury that includes monetary damages in an amount not less than 1 million dollars and irreparable harm for which not lawful relief is adequate.

## JURISDICTION

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, in that there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,0000.00, exclusive of interest and costs. This action is not a collusive action to confer jurisdiction on a court of the United States which it would not otherwise have.

## PERSONAL JURISDICTION

4. The Court has jurisdiction over the Defendants. Each Defendant is either present in New York for jurisdictional purposes or has sufficient minimum contacts with New York as to render the exercise of jurisdiction over the Defendants by this Court permissible under traditional notions of fair play and substantial justice.

5. The Court has jurisdiction over the Company because the Company was formed in New York and has substantial business operations in New York.

**VENUE**

6. Venue is proper in this district under 28 U.S.C. § 1401 and 28 U.S.C. § 1391(b)(1), in that Defendants reside in this district and all defendants reside in New York, 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district, 28 U.S.C. § 1391(b)(2), in that a substantial part of property that is the subject of the action is situated in this district, 28 U.S.C. § 1391(b)(3), in that Defendants is subject to personal jurisdiction in this district with respect to this action, and there is no other district in which the action may otherwise be brought.

**THE PARTIES**

7. Plaintiff is a shareholder of the Company. Plaintiff has been a shareholder at all times relevant to the claims asserted herein and continues to own shares in the Company.

8. Nominal Defendant Kidz Roc, Inc. is a New York corporation with its principal place of business within this district.

9. Defendant ERIC DEMOYA been an officer, director and shareholder of the Company for all times relevant to this action.

10. Defendant FEDELINA MARTINEZ acted at the behest of ERIC DEMOYA for all times relevant to this action.

11. Defendant ANDRES FERRER acted at the behest of ERIC DEMOYA for all times relevant to this action.

12. Defendant MASSIEL MEDINA acted at the behest of ERIC DEMOYA for all times relevant to this action.

## SUBSTANTIVE ALLEGATIONS

13. The Defendants, acting in concert, engaged in a scheme to strip the Company of its assets, hide such assets from the Plaintiff and fraudulently convey assets belonging to the Company to their personal ownership. In order to carry out this scheme, the Defendants breached obligation of fiduciary duty, engaged in a scheme to fraudulently convey corporate assets and conceal such conveyances from the Plaintiff.

## BOOKS AND RECORDS INSPECTION

14. Plaintiff demanded to inspect books and records of the Company.

**15.** Defendant ERIC DEMOYA refused such requests.

## DERIVATIVE ALLEGATIONS

16. Plaintiff is a shareholder of the Company. Plaintiff brings this action, in part, derivatively on behalf of and for the benefit of the Company to redress injuries suffered, and to be suffered, by it as a result of the misconduct alleged herein.

17. Plaintiff has owned shares of the Company at all relevant times.

18. This is not a collusive attempt to confer jurisdiction on this Court that it would not otherwise have.

19. Plaintiff will fairly and adequately represent the interests of the Company in enforcing and prosecuting its rights and has retained competent counsel experienced in derivative litigation to enforce and prosecute this action.

## ERIC DEMOYA WOULD NOT PROSECUTE THIS ACTION AGAINST HIMSELF THUS DEMAND ON THE BOARD IS EXCUSED AS FUTILE

20. Plaintiff has not made a demand on the Company's board of directors to assert the claims set forth herein against Defendants. For the reasons detailed above and as further

set forth below, such a demand would be futile because a majority of directors who would have considered a demand are interested and/or lack independence. Therefore, there is a reasonable doubt that a majority of the board could have impartially considered whether bringing these claims is in the best interests of the Company and its shareholders.

21. Defendant ERIC DEMOYA lacks independence to act in the interests of the Company because he is the subject of the lawsuit.

## FACTUAL BACKGROUND

22. From the period of 2022, Defendant ERIC DEMOYA, in concert with the other Defendants, engaged in a conspiracy to fraudulently convey the assets of the Company to their personal ownership and control.

23. In addition, Defendant ERIC DEMOYA engaged in actions that squandered corporate opportunities and wasted corporate assets.

24. The schemes and actions were all deliberately concealed from the Plaintiff in order to carry out the fraud and breaches of fiduciary duty.

### A. DEFENDANT ERIC DEMOYA's BREACH OF CONTRACT

25. As part of the scheme, Defendant ERIC DEMOYA entered into an agreement with Plaintiff to compensate her in the amount of $5000 a month, pay her rental expense and reimburse her for certain business expenses.

26. Defendant ERIC DEMOYA had no intention of fulfilling his contractual obligations and in fact has not.

27. Currently, Defendant ERIC DEMOYA has failed to pay Plaintiff in excess of $210,000 owed to her under the agreement.

28. This failure is causing Plaintiff irreparable harm as she is unable to maintain herself in the absence of the payments due to her from Defendant ERIC DEMOYA. See Exh. C, Plaintiff's bank statements.

## LEGAL CLAIMS

### COUNT 1– BREACH OF FIDUCIARY DUTY
### (Against DEFENDANT ERIC DEMOYA)

29. PLAINTIFF repeats and realleges paragraphs 1 through 28 hereof, as if fully set forth herein.

30. Defendant ERIC DEMOYA, owed the COMPANY and its shareholders a fiduciary duty of due care, loyalty, and good faith.

31. Defendant ERIC DEMOYA breached his fiduciary duties by the actions and/or inactions alleged herein.

32. Defendant ERIC DEMOYA breached his fiduciary duties of care and loyalty, and acted in bad faith.

33. As a result of Defendants' breach of their duties, the COMPANY has suffered and will suffer injury significant damages in an amount to be determined at trial, plus interest/attorneys' fees and costs.

## COUNT 2 – WASTE

(Against DEFENDANT ERIC DEMOYA)

34. PLAINTIFF repeats and realleges paragraphs 1 through 33, as if fully set forth herein.

35. Defendant ERIC DEMOYA is liable to the COMPANY for waste as described in Exh. A.

36. The actions approved by Defendant ERIC DEMOYA were so one-sided that no person acting in a good faith pursuit of the Company's interests could have approved the actions.

37. The Company and its shareholders suffered and continue to suffer injury due to the wasteful transactions engaged in by the Defendant ERIC DEMOYA.

38. Plaintiff, on behalf of the COMPANY, has no adequate remedy at law.

## COUNT 3 - UNJUST ENRICHMENT
(Against ALL DEFENDANTS)

39. PLAINTIFF repeats and realleges paragraphs 1 through 38 hereof, as if fully set forth herein.

40. By their wrongful acts, omissions, and wrongdoing, DEFENDANTS were enriched at the expense of, and to the detriment of the Company.

41. DEFENDANTS derived profits, benefits, and other compensation from the Company and were otherwise unjustly enriched during the time in which the wrongful practices occurred.

42. It would be unconscionable and against the fundamental principles of justice, equity, and good conscience for DEFENDANTS to retain the profits, benefits, and other compensation gained from their wrongful conduct.

43. Plaintiff, on behalf of the Company, seeks restitution from DEFENDANTS and seeks an order of this Court disgorging all profits, benefits, and other compensation obtained by DEFENDANTS, as a result of their wrongful conduct.

44. Plaintiff, on behalf of the Company has no adequate remedy at law.

## COUNT 4 – BREACH OF CONTRACT
### (Against DEFENDANT ERIC DEMOYA)

45. PLAINTIFF repeats and realleges paragraphs 1 through 44.

46. DEFENDANT ERIC DEMOYA entered into a written agreement with PLAINTIFF which provided, in pertinent part, that DEFENDANT ERIC DEMOYA would provide PLAINTIFF $5000 a month until such time as the PLAINTIFF and DEFENDANT ERIC DEMOYA reached agreement on division of assets, See Exh. 2.

47. DEFENDANT ERIC DEMOYA has breached his contractual obligations by failing to make the required monthly payments of $5000 a month to PLAINTIFF.

48. DEFENDANT ERIC DEMOYA's breach of his contractual has not only caused PLAINTIFF monetary damages it is causing her irreparable harm as it is depriving her of the ability to maintain her residence and pay her living expenses.

## COUNT 5 – FRAUDULENT CONVEYANCE
### (Against ALL DEFENDANTS)

49. PLAINTIFF repeats and realleges paragraphs 1 through 48 hereof, as if fully set forth herein.

50.    DEFENDANTS, acting in concert, engaged in a scheme to fraudulently convey property and assets belonging to both the Company and the Plaintiff.

51.    DEFENDANTS have fraudulently conveyed assets from the Company and PLAINTIFF, and derived profits, benefits, and other compensation and were otherwise unjustly enriched by such fraudulent conveyances.

52.    It would be unconscionable and against the fundamental principles of justice, equity, and good conscience for DEFENDANTS to retain the profits, benefits, and other compensation gained from the fraudulent conveyances.

53.    Plaintiff, on behalf of the Company, and her own behalf, seeks restitution from DEFENDANTS and seeks an order of this Court disgorging all profits, benefits, and other compensation obtained by DEFENDANTS, as a result of the fraudulent conveyances.

54.    Plaintiff, on behalf of the Company and her own behalf, has no adequate remedy at law.

FACTUAL ALLEGATIONS COMMON TO ALL RICO COUNTS

55.    Defendants are culpable persons who (b) conduct an "enterprise" (c) affecting interstate commerce (c) through a pattern of racketeering activity." Plaintiff and the Company have been injured by reason of" the RICO violations described herein .

56.    The Defendants' enterprise conduct and the predicate acts of racketeering affect interstate commerce.

57.    Defendants have engaged in pattern of racketeering that continues in the present.

58. The acts have been related and continuous and will continue.

59. Plaintiff meets RICO's standing requirements because Plaintiff is (1) a "person" (2) who sustained injury (3) to her "business or property" (4) "by reason of" defendants' violation of § 1962. (

## COUNT 6
### (RICO § 1962(c))

60. The allegations of paragraphs 1 through 59 are incorporated herein by reference.

61. This Count is against all Defendants.

62. The conspiracy, as well as the Company, is an enterprise engaged in and whose activities affect interstate commerce. The Defendants are employed by or associated with the enterprise.

63. The Defendants agreed to and did conduct and participate in the conduct66 of the enterprise's affairs through a pattern of racketeering activity and for the unlawful purpose/ of intentionally defrauding Plaintiff and the Company.

64. The Defendant conducted and participated in the conduct of the affairs of the enterprise through a pattern of racketeering activity.

65. Pursuant to and in furtherance of their fraudulent scheme, Defendant(s) committed multiple related acts of racketeering activity that forms the basis of the RICO.

66. The acts set forth above constitute a pattern of racketeering activity pursuant to 18 U.S.C. § 1961(5).

67. The Defendants have directly and indirectly conducted and participated in the conduct of the enterprise's affairs through the pattern of racketeering and activity described above and in the accompanying RICO Statement, in violation of 18 U.S.C. § 1962(c).

68. As a direct and proximate result of the Defendants' racketeering activities and violations of 18 U.S.C. § 1962(c), Plaintiffs have been injured in their business and property.

69. PLAINTIFF DEMANDS TRIAL BY JURY.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF requests judgment as follows:

A. Finding this action to be a proper derivative action and Plaintiff to be a proper and adequate representative of the Company;

B. Finding that the Defendant ERIC DEMOYA breached his fiduciary duties to the Company and committed waste, diversion of assets and diversion of corporate opportunities;

C. Finding that the Defendant ERIC DEMOYA breached his contractual obligations to PLAINTIFF by failing to pay the $5000 a month to PLAINTIFF;

D. Finding that the DEFENDANTS have been unjustly enriched by their wrongdoing;

E. Finding that the Defendants have engaged in a scheme to fraudulent convey assets and property belonging both to the Company and the PLAINTIFF.

F. Declaring the DEFENDANT ERIC DEMOYA be removed from any position of authority and to prohibit any acts on behalf of the Company by DEFENDANT ERIC DEMOYA;

G. Awarding damages against the DEFENDANTS sustained by the Company, in an amount to be determined at trial, but in an amount not less than $1,000,000.00;

H.  Awarding damages sustained by the Plaintiff against DEFENDANT ERIC DEMOYA for his breach of contract, in an amount to be determined at trial, but in an amount not less than $200,000.00;

I.  Awarding damages against the DEFENDANTS sustained by the PLAINTIFF, in an amount to be determined at trial, but in an amount not less than $1,000,000.00;

J.  Disgorging the profits obtained as a result of the Defendants' wrongful conduct;

K.  On the RICO Actual damages in an amount not less than $1,000,000.00

L.  Treble damages in an amount not less than $3,000,000.00;

M.  Ordering DEFENDANT ERIC DEMOYA to immediately make the contractual payments owed to PLAINTIFF;

N.  Awarding Plaintiff's attorney's fees incurred in this action;

O.  Awarding pre- and post- judgment interest; and

P.  Granting such other and further relief as the Court deems just and proper.

Dated: January 18, 2025                                  Respectfully submitted,
       Suffern, NY                                            By: _____
                                                         *Armando Llorens*
                                                         **ADWAR IVKO LLC**
                                                         *Attorneys for Plaintiff*
                                                          2 Executive Blvd, Suite 410
                                                          Suffern, NY 10901
                                                          Ph. 845-353-1818


                                                         *www.AdwarIvko.com*

Case 7:25-cv-01253-JGLC  Document 1  Filed 02/12/25  Page 15 of 15