UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JENNIFER DEMOYA,

          Plaintiff,

-against-

ERIC DEMOYA, et al.,

          Defendants.

25-CV-1253 (JGLC)

**ORDER OF DISMISSAL**

JESSICA G. L. CLARKE, United States District Judge:

    Plaintiff Jennifer Demoya filed this action on February 12, 2025 for "breach of contract, breach of fiduciary duty, oppression, of a minority shareholder, fraudulent conveyance, conversion, waste of corporate assets, negligence regarding corporate opportunities, diversion of corporate opportunities and gross mismanagement." ECF No. 1. On May 29, 2025, the Court ordered Plaintiff to show cause as to why Plaintiff failed to serve the summons and Complaint within 90 days, or, if Plaintiff believed that Defendants were served, when and in what manner service was effectuated. ECF No. 3. In response, on June 6, 2025, Plaintiff requested an extension of time to serve the summons and Complaint, stating that the delay in service was due to settlement negotiations between the parties. ECF No. 4. The Court extended Plaintiff's deadline to serve Defendants with the summons and complaint to June 30, 2025. ECF No. 5. Plaintiff failed to do so and on July 1, 2025, the Court again ordered Plaintiff to show cause as to why Plaintiff failed to serve the summons and Complaint by the deadline ordered by the Court. ECF No. 6. The Court warned Plaintiff that if the Court did not receive any communication from Plaintiff by July 14, 2025 showing good cause as to why service was not made, the Court would dismiss the case. *Id.* The deadline has passed.

To date, Plaintiff has not filed any response to the Court's July 1, 2025 Show Cause Order. Rule 41(b) of the Federal Rules of Civil Procedure provides that a district court may dismiss an action if "the plaintiff fails to prosecute or otherwise comply with [the] rules or a court order." Fed. R. Civ. P. 41(b); *see also Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014). Under Rule 41(b), a district court may dismiss an action *sua sponte* for failure to prosecute after notifying the plaintiff. *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). A district court considering dismissal under Rule 41(b) must weigh five factors: (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *Baptiste*, 768 F.3d at 216. No single factor is generally dispositive. *Id*

Here, the factors weigh in favor of dismissal. Plaintiff's failure to serve the summons and Complaint has prevented the litigation from advancing at all for several months. This Court also provided Plaintiff with ample opportunity, through the two Orders to Show Cause, to serve Defendants in this action. Moreover, the Court already attempted to balance plaintiff's opportunity to be heard with the management of its docket by providing an opportunity for plaintiff to explain its delay in serving Defendants. In short, because the Court has not received any response from Plaintiff, including any indication that she intends to pursue this case, dismissal pursuant to Federal Rule of Civil Procedure 41(b) is appropriate.

Based on the foregoing, IT IS HEREBY ORDERED that this action is dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Clerk of Court is

respectfully directed to terminate all pending motions and to close this case.

Dated: July 16, 2025
      New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge
